DAVID D. LIN (DL-3666)
LAUREN VALLI (LV-7672)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Lauren@iLawco.com
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiff Christine Indursky*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

CHRISTINE INDURSKY

        *Plaintiff,*

vs.

KEITH DEWAR AND JOHN DOE,

        *Defendants.*

-------------------------------------------------------X

Case No.: 1:20-cv-4215

**COMPLAINT**

Plaintiff Christine Indursky ("Plaintiff") by her attorneys Lewis & Lin LLC, for her complaint against Defendants Keith Dewar ("Defendant Dewar" or "Dewar") and John Doe (" John Doe a/k/a s Dewar, a Facebook.com user ("Defendant," collectively with Dewar, "Defendants").

## STATEMENT OF CASE

1. This is an action for recovery of damages and injunctive relief arising from blatant acts of defamation per se in connection with the publishing of defamatory comments by Defendants on Facebook.com regarding Plaintiff.

2. Defendants created, or caused to be created, posts for the purpose of publishing

false and defamatory statements (the "Defamatory Posts"). Upon information and belief, Defendants' Defamatory Posts were viewed by thousands of visitors each day.

3. As a result of Defendants' misconduct, Plaintiff has been and continues to be substantially and irreparably harmed.

## PARTIES

4. Plaintiff is an individual domiciled in Freehold, New Jersey. Plaintiff is not a public figure and not a public official.

5. Upon information and belief, Defendant Keith Dewar is an individual domiciled at 586 President Street, Apartment 2C, Brooklyn, NY 11215. Defendant Dewar is an attorney licensed to practice in the State of New York, and, upon information and belief, is employed as a court attorney for the New York State Unified Court System.

6. The true name and capacity of the Defendant sued herein as John Doe is unknown to Plaintiff, who sues Defendant under such fictitious name. Defendant John Doe created or caused to be created the Defamatory Posts denigrating Plaintiff on Plaintiff's Facebook.com profiles. Upon information and belief, the Defendant resides in the State of New York and is engaged in commerce in the United States, including within this judicial district. If necessary and after discovery, Plaintiff will seek leave of court to amend this Complaint to state the true name when it is ascertained.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over the Defendants because, upon information and belief, they are residents of the State of New York.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), since some, or all, of the conduct that is the subject of this action occurred in this district.

## BACKGROUND COMMON TO ALL CLAIMS

10. Plaintiff maintains a personal Facebook page with the username "Christine Moran Indursky" where she posts, inter alia, photos of her children for her friends and family to see.

11. Plaintiff is also a successful real estate agent who uses her Facebook as means to build relationships to help her career.

12. In or around August 8, 2020, Plaintiff received notifications that a Facebook user named "Keith Dewar" had commented on posts she made in April 2017.

### The Defamatory Posts

13. On or about August 8, 2020, Defendants with the username "Keith Dewar" directed the authoring of a harassing and defamatory post of Plaintiff on her Facebook.com profile (the "First Defamatory Post")

14. Specifically, the First Defamatory Post stated as follows:

- "Whore"

15. The First Defamatory Post was made as a comment underneath Plaintiff's post dated April 16, 2017 of her minor son with his friend. The post read "Wonderful afternoon with these two cuties!"

16. The First Defamatory Post is false. Defendants directed the dissemination of the First Defamatory Post in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff.

17. The above statement is knowingly and materially false, and was made to defame Plaintiff.

18. Upon information and belief, Defendants published the First Defamatory Post for the sole purpose of harming Plaintiff's reputation.

19. It is not possible that the allegation in the First Defamatory Post is true because Plaintiff is not unchaste.

20. Accordingly, the First Defamatory Post is undeniably false.

21. On or about August 8, 2020, Defendants with the username "Keith Dewar" directed the authoring of a harassing and defamatory post of Plaintiff on her Facebook.com profile (the "Second Defamatory Post").

22. Specifically, the Second Defamatory Post stated as follows:

- "Cunt"

23. The Second Defamatory Post was made as a comment underneath Plaintiff's post dated April 5, 2017 of a photo of her minor son. The post read "Austin got his glasses today!!! [emoji] [emoji] [emoji]".

24. The Second Defamatory Post is false. Defendants directed the dissemination of the Second Defamatory Post in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff.

25. The above statement is knowingly and materially false, and was made to defame Plaintiff.

26. Upon information and belief, Defendants published the Second Defamatory Post for the sole purpose of harming Plaintiff's reputation.

27. It is not possible that the allegation in the Second Defamatory Post is true because Plaintiff is not unchaste.

28. Accordingly, the Second Defamatory Post is undeniably false.

29. On or about August 8, 2020, Defendants with the username "Keith Dewar" directed the authoring of a harassing and defamatory post of Plaintiff on her Facebook.com profile (the "Third Defamatory Post").

30. Specifically, the Third Defamatory Post stated as follows:

- "Bitch."

31. The Third Defamatory Post was made as a comment underneath Plaintiff's post dated April 8, 2017 of a photo of her minor son holding up a drawing. The post read "Austins portrait of me….how dare he give me dark hair!"

32. The Third Defamatory Post is false. Defendants directed the dissemination of the Third Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff.

33. The above statement is knowingly and materially false, and was made to defame Plaintiff.

34. Upon information and belief, Defendants published the Third Defamatory Post for the sole purpose of harming Plaintiff's reputation.

35. It is not possible that the allegation in the Third Defamatory Post is true because Plaintiff is not unchaste.

36. Accordingly, the Third Defamatory Post is undeniably false.

37. On or about August 8, 2020, Defendants with the username "Keith Dewar" directed the authoring of a harassing and defamatory post of Plaintiff on her Facebook.com profile (the

"Fourth Defamatory Post," collectively with the First Defamatory Post, the Second Defamatory Post and the Third Defamatory Post, the "Defamatory Posts").

38. Specifically, the Fourth Defamatory Post stated as follows:

- "Whote"

39. Upon information and belief, Defendants misspelled the word "Whore."

40. The Fourth Defamatory Post was made as a comment underneath Plaintiff's post dated April 29, 2017 in which she links an article entitled "Message to parents from mom who lost son to drugs: Wake up!". The post read "Break the code….".

41. The Fourth Defamatory Post is false. Defendants directed the dissemination of the Fourth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff.

42. The above statement is knowingly and materially false, and was made to defame Plaintiff.

43. Upon information and belief, Defendants published the Fourth Defamatory Post for the sole purpose of harming Plaintiff's reputation.

44. It is not possible that the allegation in the Fourth Defamatory Post is true because Plaintiff is not unchaste.

45. Accordingly, the Fourth Defamatory Post is undeniably false.

**Damage to Plaintiff's Reputation and Emotional Wellbeing**

46. Plaintiff has and continues to have contractual relationships with her clients.

47. Plaintiff has a reputable standing in her community, which includes individuals who she is connected with via her Facebook profile and who, upon information and belief, saw the Defamatory Posts.

48. The Defendant scripted and caused to be disseminated the above statements in order to interfere with Plaintiffs' contractual relationships with her customers and to cause harm to her standing in her community, and upon information and belief, to injure Plaintiff's business by inducing clients and prospective clients to cease doing business with Plaintiff.

49. Upon information and belief, as a direct and proximate result of Defendant' defamatory conduct described herein, a number of Plaintiff's clients (or prospective clients) have refused to start and/or continue business with Plaintiff.

50. While Plaintiff's business preservers, Defendants' campaign to defame and injure Plaintiff has, upon information and belief, caused her clients significant concerns about the proprietary of Plaintiff's real estate practice, such that the trend of fewer client's is likely and the risk of losing clients is tangible. Without clients, Plaintiff will have no business. This damage is in addition to the permanent and irreparable harm to Plaintiff's professional and personal reputations that Defendants' defamatory conduct has caused (and will continue to cause unless enjoined).

51. Plaintiff was shocked at the vulgarity and falsity of Defendants' language, along with their decision to make most of the Defamatory Posts on photos she shared of her child.

52. Plaintiff was concerned for the safety of her minor child because, upon information and belief, Defendants' deliberately chose posts including Plaintiff's child to comment on.

53. As a result of the Defendants' actions and the Defamatory Posts, Plaintiff has suffered emotional distress.

## FIRST CAUSE OF ACTION
**[Defamation Per Se]**

54. Plaintiff realleges and incorporates by reference Paragraphs 1 through 55 as though fully set forth herein.

55. Defendants has intentionally made knowingly false statements of fact about Plaintiffs via the Defamatory Posts.

56. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiff.

57. The aforementioned statements were false when made and Defendants knew or should have known that the statements were false when made.

58. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiff's personal reputation. The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of Plaintiff.

59. The aforementioned statements where made of and concerning Plaintiff, and were so understood by those who read Defendants' publication of them.

60. Among other statements, Defendants falsely accused Plaintiff of being a "whore."

61. Defendants' false statements of fact accuse Plaintiff of unchastity and promiscuity.

62. These statements were false, and were published to third parties in this county and across the Internet.

63. As a result of Defendants' acts, Plaintiff has suffered irreparable damage to her reputation and further damages in an amount to be determined at trial.

64. As a result of the willful and malicious nature of the defamation, Plaintiff is entitled to punitive damages.

**SECOND CAUSE OF ACTION**
**[Intentional Infliction of Emotional Distress]**

65. Plaintiff realleges and incorporates by reference Paragraph 1 through 64 as though fully set forth here.

66. Defendants aggressive statements towards Plaintiff inferring that she was mentally unstable occurred intentionally with a desire to harm Plaintiff.

67. The manner by which Defendants sought to harm Plaintiff, including the steps described herein via their harassing, defamatory statements, was extreme and outrageous.

68. As a result of Defendants' past and continued wrongful acts, including, *inter alia*, besmirching Plaintiff's reputation, Plaintiff has experienced extreme emotional distress.

69. As a result of Defendants' past and continued wrongful acts, the character and reputation of Plaintiff was harmed and she suffered mental anguish and personal humiliation.

70. As a direct and proximate result of Defendants past and continued wrongful acts, Plaintiff has been materially and substantially damaged in an amount to be proven at trial, including compensation for Plaintiff's time, effort and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants awarding Plaintiff:

1. a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from disparaging or otherwise posting defamatory comments about Plaintiff;

2. an Order at the conclusion of the present matter directing Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiff's reputation;

3. actual damages in an amount to be determined at trial, due to defamation per se, but in an amount no less than $100,000, and an order directing Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, to remove, delete, or otherwise disable such posts;

4. actual damages in an amount to be determined at trial, due to Defendants' intentional infliction of emotional distress;

5. exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

6. attorney's fees and costs as permitted by law; and

7. such other relief as the Court deems just and equitable under the circumstances.

Dated: Brooklyn, New York
September 9, 2020

Respectfully submitted,

**Lewis & Lin, LLC**

_____
David D. Lin
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@ilawco.com
Tel. (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Plaintiff*