

CHIEF JUDGE ROSLYNN R. MAUSKOPF          November 12, 2020
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom: 6A (South Wing)



Re: INDURSKY v DEWAR
Case No. 1.20cv-4215

Dear Honorable Mauskoph.

I write this letter pursuant to your motion rules III A 2, requesting a conference for permission to file a pre-answer motion to dismiss this action, pursuant to the Federal Rules of Civil Procedure Rule 12 (b) (6), for failure to state a cognizable claim.

The facts as set forth in the complaint state that the Facebook user profile managed by defendant placed four comments onto the Facebook page managed by plaintiff. In comments on various postings by plaintiff,, the defendant stated the words "whore", "bitch", "cunt" and "whote" in the comments section on plaintiff's earlier posts. Plaintiff now sues for libel per se and infliction of emotional distress.

In considering a motion to dismiss for failure to state a claim a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. See *Pani v. Empire Blue Cross Blue Shield*. 152 F.3d 67, 71 (2d Cir. 1998). Accordingly, the only issue before the court is whether the four words are defamatory per se and sufficient to cause extreme emotional distress.

It is defendant's position that the statements complained of are opinions or hyperbole. "Under New York law, statements that express opinions or hyperbole, rather than facts, do not constitute actionable defamation." See, *Goldman v. Reddington*, 417 F.Supp.3d 163, 172 (E.D.N.Y. 2019). "Whether a particular statement constitutes an opinion or an objective fact is a question of law" See *Mann v Abel*, 10 N.Y.3d 271, 276, 856 N.Y.S.2d 31, 32-33 (2008). Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation. *Id* at 33. The court in *Mann* set forth a three part test to determine whether an statement is opinion or an

asserted fact. (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact. See also *Goldman, supra* at 172.

The terms "bitch" and "cunt", although offensive, are not statements of fact, in that, when applied to another person are clearly statements of writer's opinion and therefore fail the second prong of the above standard. "Whore", unlike the previous two terms, fulfils the first and second factors of the *Mann* test, in that it has a precise, readily identifiable meaning, which can be proven true or false. Therefore, we must examine the context in which the statement was made. Here, unlike most defamation actions, the statement is not part of a larger statement or series of statements. The term stands as a single word with no other context given (except the other two previously analyzed terms). As such we look at the "broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact." "Context is central to this analysis, and the ultimate question is whether "a reasonable reader could have concluded that the statements were conveying facts about the plaintiff." *Goldman. Supra* at 172.

Here, the term by itself, with no context whatsoever, cannot be said to imply that it is intended to convey actual truth about the plaintiff as opposed to rhetorical hyperbole. Additionally, the word standing alone or in conjunction with other boorish epithets, does not implicate to the reader that the writer is in possession of undisclosed facts. *Goldman, Supra* at 172. Further, the term "whote" is, according to the complaint, a misspelling of the same term. However, the very lackadaisical nature of a post with such a misspelling further indicates that these expressions are mere insults not meant to be taken literally. Finally, New York Courts have recognized that statements made on the internet are taken less seriously by readers then similar remarks made in other contexts. See *Brahms v. Carver.* 33 F.Supp.3d 192, 199 (E.D.N.Y. 2014).

The claims for intentional infliction of emotional distress must also be dismissed. First, "a claim for intentional infliction of emotional distress fails where it falls within the ambit of another tort." *Restis v. American Coalition against Nuclear Iran, Inc.*, 53 F.Supp 705, 729-730 [S.D.N.Y 2014]. Second, the facts as presented do not make a sufficient claim for intensional infliction of emotional distress. See See, *Wilson v State of New York*, 2017 WL 9674497 at *27 (E.D.N.Y.

2017).

In conclusion, the question of whether these statements are defamatory should be the subject of a motion to dismiss as whether words are defamation is a question of law to be resolved by the court in the first instance.

Finally, pursuant to your motion rules III A 3, I formally request an extension of my time to answer the complaint. Subject to any ruling on the proposed motion.

Yours,

Keith Dewar
*Pro Se*
586 President St. Apt 2C
Brooklyn, NY 11215
(646) 508-3969

Lewis and Lin, LLC
Attorneys for Plaintiff
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
(718) 243-9323.

Keith Dewar
586 President St.
Brooklyn NY 11215

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.

★ NOV 1 2 2020

BROOKLYN OFFICE

RECEIVED
NOV 1 2 2020
PRO SE OFFICE
★ NOV 1 2 2020

BROOKLYN OFFICE



Cheif Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201