# LEWIS & LIN LLC

Brett E. Lewis  
David D. Lin  

Michael Cilento  
Roberto Ledesma  
Justin Mercer  
Lauren Valli  

81 Prospect Street, Suite 8001  
Brooklyn, NY 11201  

Tel: (718) 243-9323  
Fax: (718) 243-9326  

www.iLawco.com

Writer's email: david@iLawco.com

November 19, 2020

**VIA ECF**
Chief Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 6A
Brooklyn, NY 11201

*Indursky vs. Dewar et al.*
Civil Case No. 1.20-cv-04215-RRM

Dear Judge Mauskoph:

  We represent the plaintiff in the above-referenced action. We write in response to Defendant Keith Dewar's letter dated November 12, 2020 requesting a conference for permission to file a pre-answer motion to dismiss pursuant to the Court's Individual Rules of Practice Section III(A)(2). Defendant Dewar's motion to dismiss will not be successful and this Court should not allow any delay in Plaintiff being able to litigate her claims against him. Nonetheless, plaintiff is open to the possibility of resolving the matter without further litigation and invites the Court to refer the matter to mediation.

  As alleged in the Complaint, Defendant, a licensed attorney who works for the New York State Unified Court System, engaged in a campaign to harass and defame plaintiff on plaintiff's social media account.  In four separate instances, Defendant posted false and humiliating statements on Plaintiff's Facebook profile, which were visible to hundreds of plaintiff's friends and colleagues.  Even more disturbingly, most of Defendant's attacks were on photos that Plaintiff posted of her minor children.  Defendant claims that when he attacked plaintiff with assertions that she was a "cunt," "bitch," and "whore," it was merely his opinion.  Defendant's argument lacks merit; on the contrary, such attacks constitute defamation *per se* and intentional infliction of emotional distress.

LEWIS & LIN LLC

There is no shortage of case law in New York supporting that calling a woman a "whore" or similar term constitutes defamation *per se* by imputing unchastity to the victim. *See, e.g.*, *Walia v. Vivek Purmisir & Assoc.*, 160 F. Supp. 2d 380, 394 (E.D.N.Y. 200) (citing N.Y. Civ. Rights Law § 77; *Walmsley v. Kopczynski*, 202 A.D. 104, 195 N.Y.S. 699 (3d Dep't 1922); *Courtney v. Mannheim*, 14 N.Y.S. 929 (City Court of Brooklyn, General Term 1891). Even a concise attack, without much elaboration, can support a claim for defamation. For instance, in *Ward v. Klein*, 10 Misc. 3d 2005, 809 N.Y.S.2d 828, 830 (N.Y. Sup. Ct. 2005), the defendant simply flashed a photograph of plaintiff on a screen, captioned "24 Hour Whore." The court denied defendant's motion to dismiss, stating that defendant's statements were "reasonably susceptible of a defamatory meaning."

In this case, the context further supports that the statements are actionable. The attacks were made on plaintiff's *personal* Facebook account, which is generally limited only to plaintiff's close friends. A viewer who saw defendant's posts would reasonably conclude that he knew plaintiff and was friends with her. Defendant's status as an officer of the New York State Courts system further lent him credibility. And the manner in which he posted – publicly, personally attacking plaintiff, in comment on a Facebook post that was previously "liked" or commented by over a hundred of plaintiff's friends such that those friends would receive direct alerts of defendant's posts – suggested that plaintiff's actions were not that of a random stranger, but of someone with deep knowledge and involvement in plaintiff's personal life.

Defendant's actions were all the more troubling given that (as far as plaintiff knows) the two have never met and do not know each other and the attacks were apparently intended to suggest that Defendant was threatening Plaintiff's minor children. Such conduct shocks the conscience and is therefore actionable as intentional infliction of emotional distress. Such a claim is not duplicative of plaintiff's defamation claim as plaintiff's defamation claim involves injury to plaintiff's reputation of chastity, whereas the IIED claim concerns plaintiff's emotional injuries. *See, e.g.*, *Hanly v. Powell Goldstein, LLP*, No. 05 CV 5089 (KMW), 2007 WL 747806, at *6 n.9 (S.D.N.Y. Mar.9, 2007) ("[a]lthough the two injuries are related to one another in that they are rooted in the same conduct . . . the injuries are different.").

Notwithstanding the foregoing, and in an effort to conserve judicial resources, Plaintiff respectfully suggests that this case is appropriate for mediation pursuant to Local Civil Rule 83.8. Given the extremely sensitive allegations involved—for both parties—plaintiff welcomes the opportunity to resolve the matter without full-blown litigation.

Respectfully submitted,

David D. Lin