Dear Hon. Bulsara,

As per instructions from your chambers, I make this request to adjourn and or deny plaintiffs deposition scheduled for tomorrow at 10:00. Notice for the deposition was sent via email on March 25, for April 16 (less than the customary 30 days).

I have repeatedly requested that plaintiff adjourn this deposition to a mutually agreed date due to the fact that I am currently undergoing chemotherapy for stage 4 colon/liver cancer. Plaintiff requested a letter from my Oncologist which I provided but it did not specifically state that I could not attend a remote deposition so the medical adjournment was rejected by plaintiff's counsel.

Further, I have requested numerous times that plaintiff state the need for a deposition as I have already admitted to all of plaintiffs allegations against me in the complaint. Plaintiff has steadfastly refused to answer this question. Rule 26 (b) (2) (C) (i) states that the court must limit the extent of discovery if "the discovery sought is unreasonably duplicative or cumulative, or can be obtained from some other source that is more convenient and less burdensome." Here, plaintiff has my admissions of all allegations in the complaint, additionally I have made it clear that I do not intend to offer testimony in this matter, so it can only be construed that this deposition is intended to harass or embarrass defendant. As it stands (barring a dismissal of the case) I have admitted liability, so a deposition is unwarranted.

Finally, I believe the parties have reached an impasse in mediation as I will not make any financial offer until such time as all dispositive motions are resolved, therefore, there is no urgency for this deposition to proceed tomorrow as it may adversely affect my health and discovery is set to end in June.

Attached to this letter are the most recent conversations between the parties.

I thank you for your attention.

Keith Dewar - Defendant pro de.