# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Michael D. Cilento
Roberto Ledesma
Justin Mercer
Lauren Valli
Yuanjun Zhu

77 Sands Street, 6th Floor
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: Lauren@iLawco.com

April 15, 2021

**VIA ECF**
Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 324N
Brooklyn, NY 11201

*Indursky vs. Dewar et al.*
*Civil Case No. 1:20-cv-04215-RRM*

Dear Judge Bulsara:

      We represent the plaintiff, Christine Indursky, in this action. We write in response to Mr. Dewar's letter (ECF Doc. No. 11). We regret that Mr. Dewar has involved Your Honor in this matter, in particular on the evening before his scheduled deposition. While we have attempted to work with Mr. Dewar, we have been met with resistance. We note that Mr. Dewar has failed to include the parties' communications he references regarding this situation and if the Court so requires, we can furnish the entirety of the email exchanges.

      Notwithstanding, Mr. Dewar acknowledges and does not dispute that he was served with a deposition notice, both by mail and email. There are no time restraints as to when the deposition notice must be served, but Plaintiff has provided approximately three weeks' notice. It was not until April 9, 2021, in response to my April 8, 2021 email to Mr. Dewar to inform him that the deposition would be proceeding remotely, did he object to the deposition. Two business days later, on April 13, 2021, I proposed to Mr. Dewar in light of his objection that we could hold a limited, three-hour long deposition, or alternatively he could provide us a note from his oncologist. Mr. Dewar did not respond. On the morning of April 14, 2021, I sent Mr. Dewar another email indicating a response was needed by 5 p.m. that day. Email exchanges between myself and Mr. Dewar ensued during that day, in which, among other things, he refused our proposal of a limited deposition, stated that he would send us a letter from his oncologist and wanted to know the purpose of the deposition. At no point did Mr. Dewar propose alternative

**LEWIS & LIN LLC**

dates. He also incorrectly stated that we were having the deposition in person. Finally, at approximately 6:50 p.m. on April 14, 2021 Mr. Dewar forwarded a letter from his oncologist stating his diagnosis and that any courtesies that could be extended would be appreciated. We then reiterated our position that our client was entitled to take his deposition. Today we promptly forwarded Mr. Dewar the login information for the remote deposition after receiving it from our vendor. In response he sent another email asking for an adjournment, again without date, and stating "[a]ccordingly, there is no need for this deposition at this time as discovery extends to July where I will hopefully be done with my chemotherapy" and asking us to respond by 4:30 p.m. (We note discovery is over in June.) In a separate email today, he sent another letter from his oncologist who did not state that Mr. Dewar could not sit for a deposition because of his diagnosis or treatment, but instead identified some symptoms of his treatment.

      Now, on the eve of the deposition, Mr. Dewar seeks to involve the Court.  Our client is entitled to take Mr. Dewar's deposition. We have worked to try to accommodate him, but he has refused our attempts.  We have serious concerns that Mr. Dewar is seeking to postpone his deposition indefinitely and to a date after the close of discovery.  If this Court is to grant Mr. Dewar's request, given his delayed objection, my client will unfairly face a financial penalty from our vendor for a late cancellation. If the Court grants Mr. Dewar's request, we respectfully ask that the Court direct him to pay any due fees and to provide specific dates prior to the discovery cutoff date for his deposition.

      We thank the Court for its attention to this matter.

Respectfully submitted,

LEWIS & LIN LLC

_/s/Lauren Valli_____
Lauren Valli

cc: Defendant Dewar (via email)